**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1374

MYRON HUBBARD,

Plaintiff - Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:20-cv-02482-JMC)

Submitted:  June 28, 2023                    Decided:  September 1, 2023

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Myron Hubbard, Appellant Pro Se.  Charles J. Boykin, BOYKIN & DAVIS, LLC, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myron Hubbard appeals the district court's denial of his motion to remand his employment discrimination action to state court and subsequent grant of summary judgment in favor of his former employer, the South Carolina Department of Mental Health ("Defendant"). Hubbard argues that his action, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), was improperly removed to federal court and that the district court erred in granting summary judgment to Defendant on his claims of racial discrimination, retaliation, and a hostile work environment. For the following reasons, we affirm.

Hubbard argues that Defendant's notice of removal was defective because it was not filed within 30 days of Defendant's receipt of service. We review de novo the denial of a motion to remand to state court. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 366 (4th Cir. 2013). "A defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Under South Carolina law, to perfect service on a state agency, a plaintiff must "deliver[] a copy of the summons and complaint to such . . . agency and . . . send[] a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia." South Carolina Rule of Civil Procedure ("SCRCP") 4(d)(5). Service on state

2

agencies is not otherwise allowed by certified mail. *See* SCRCP 4(d)(8). "The proof of service shall state the date, time and place of such service and, if known, the name and address of the person actually served[,] . . . [or] if not known, then the date, time and place of service and a description of the person actually served." SCRCP 4(g). Finally, a voluntary appearance by a defendant is equivalent to personal service. SCRCP 4(d). Here, service was not perfected until Defendant voluntarily appeared in state court. Therefore, we conclude that the district court did not err in denying the motion to remand.

Next, Hubbard argues that the district court erred in granting summary judgment to Defendant on his discrimination, hostile work environment, and retaliation claims. "We review a district court's grant of summary judgment de novo." *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011).

To establish a prima facie case of race-based discrimination under Title VII, Hubbard was required to show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Polk v. Amtrak Nat'l R.R. Passenger Corp.*, 66 F.4th 500, 507 (4th Cir. 2023) (internal quotation marks omitted). We agree with the district court that Hubbard failed to show that he was treated differently from similarly situated employees outside his protected class. Because Hubbard fails to name any

3

potential comparators, we conclude that he has not established a prima facie case of discrimination based on his race.

Turning to the hostile work environment claim, to succeed on such a claim, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *McIver v. Bridgestone Ams., Inc.*, 42 F.4th 398, 407 (4th Cir. 2022) (cleaned up). Harassment is considered sufficiently severe or pervasive so as to alter the terms or conditions of the employment if a workplace is "permeated with discriminatory intimidation, ridicule, and insult." *Id.* (internal quotation marks omitted). The standard for proving an abusive work environment is intended to be a high one because it is designed to "filter out complaints attacking the ordinary tribulations of the workplace." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). Thus, the plaintiff must show not only that he subjectively believed his workplace environment was hostile, but also that a reasonable person could perceive it to be objectively hostile. *McIver*, 42 F.4th at 407.

We agree with the district court that the alleged harassment was neither sufficiently severe or pervasive to create a hostile work environment nor was the harassment imputable to Defendant. It is indisputable that use of the n-word and the posting of a monkey poster, as Hubbard alleged, were highly unwelcome and based on racial animus. But these incidents were isolated. Moreover, Hubbard never alleged that a supervisor or manager used the offensive word. *See Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 231 (4th

4

Cir. 2022) (recognizing that "even a single use of the n-word or a similar racial slur by a supervisor can engender a hostile work environment"). And even if these incidents were severe enough to alter the conditions of Hubbard's employment, Defendant immediately attempted to rectify the situation after Hubbard reported the incidents. *See Webster v. Chesterfield Cnty. Sch. Bd.*, 38 F.4th 404, 415 (4th Cir. 2022) ("An employer may be held liable for a hostile work environment if it knew or should have known about the harassment and failed to take effective action to stop it by responding with remedial action reasonably calculated to end the harassment." (internal quotation marks omitted)).

Finally, to establish a prima facie case of retaliation, Hubbard needed to "show (1) that he engaged in protected activity; (2) that his employer took an adverse action against him; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 578 (4th Cir. 2015) (cleaned up). Hubbard failed to present any evidence showing that Defendant was aware of his protected activity directed toward a previous employer. He has also failed to show that Defendant took any adverse action against him after he first complained of racial discrimination in April 2019. Therefore, we conclude that the district court did not err in granting summary judgment on this claim.

5

Accordingly, we grant Hubbard's motion for leave to file his reply brief out of time and to exceed the length limitations for his reply brief, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*